UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| J.O.B., a minor, *et al.*, | : | |
| | : | |
| Petitioners/Plaintiffs, | : | Case No. 3:23-cv-217 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Respondents/Defendants. | : | |
| | : | |

**ENTRY AND ORDER OVERRULING OBJECTION TO MAGISTRATE REPORT AND RECOMMENDATIONS (DOC. NO 30); ADOPTING, IN FULL THE REPORT AND RECOMMENDATION (DOC. NO. 29); AND, TERMINATING THIS MATTER ON THE COURT'S DOCKET**

The instant petition for a writ of *habeas corpus* is before the Court on the Report and Recommendation (the "Report") (Doc. No. 29) issued by Magistrate Judge Caroline H. Gentry, and, on the Objection to Magistrate Report and Recommendations ("Objections") (Doc. No. 30), filed by Petitioners J.O.B., a minor, and J.O.B.'s father, Jamus Oran Bryant ("Bryant").[1] Magistrate Judge Gentry recommends individual rulings for each deficiency in the pleadings here. (*See* Doc. No. 29 at PageID 364, 367, 371, 374, 377, 385, 408, 423, 425.) Though, to state her findings most succinctly, Magistrate Judge Gentry recommends dismissing this action for lack of jurisdiction. (*Id.* at PageID 348.)

In her Report, Magistrate Judge Gentry meticulously recited the facts of this case and the Court adopts and incorporates the Magistrate's factual findings as if fully stated herein. (*Id.* at

---

[1] The Objections consist of a 100-page memorandum. (*See* Doc. No. 30.) Even under a liberal application of local rules, this unjustifiably exceeds the Court's 20-page limit on such filings. S.D. Ohio Civ. R. 7.2(a)(3). However, given Petitioners' *pro se* status and the apparent frivolity of the arguments contained in the Objections, the Court has elected to address the Objections as presented in the interest of producing a just and expedient resolution in this case.

1

PageID 348-61.)  Bryant has alleged entitlement to *habeas corpus* relief on behalf of himself and J.O.B. against Respondents the United States of America, Frank Kendall III, in his official capacity as the Secretary of the United States Air Force, Stacy Michelle Angel ("Captain Angel"), in her official capacity as a captain in the United States Air Force, and Grant Bursek, in his individual capacity as Captain Angel's attorney in prior divorce and child custody proceedings in the State of Colorado.  (Doc. No. 5-1 at PageID 122-23.)  For her part, Captain Angel is J.O.B.'s natural-born mother.  (Doc. No. 29 at PageID 350.)  Following the issuance of child custody orders in a Colorado State Court which appear unfavorable to Bryant, J.O.B. now resides with Captain Angel at her post of duty in Greene County, Ohio.  (*Id.* at PageID 355.)  Captain Angel holds most, if not all, decision making authority with respect to J.O.B.  (*Id.*)

Since 2020, Bryant has attempted to litigate and re-litigate the issue of custody over J.O.B. in both state and federal court to no avail.  (*Id.* at PageID 354-61.)  Bryant now insists on invoking the law of *habeas corpus*, alleging that Respondents have deprived Petitioners of their constitutional right to familial integrity by conspiring to separate and restrain him and J.O.B.  (Doc. No. 5-1 at PageID 117-19.)  To be clear, Bryant does not allege that he and J.O.B. are being held in custody due to any state or federal government order.  Bryant only alleges that he and J.O.B. are being unconstitutionally restrained.  (*Id.*)

In her Report, Magistrate Judge Gentry addressed the Motion to Dismiss of Defendant Grant Bursek, Esq. (Doc. No. 15) and the Federal Defendants' Motion to Dismiss Plaintiffs' Petition for Writ of Habeas Corpus and other Declaratory and Injunctive Relief (Doc. No. 23).  After briefing by the Parties, Magistrate Judge Gentry ultimately determined that the current petition for *habeas corpus* should be dismissed for lack of jurisdiction.  (Doc. No. 29 at PageID 348.)  Specifically, the Report suggests that: Bryant's claims under the Administrative Procedures

Act and Federal Tort Claims Action should be severed and dismissed without prejudice because such claims cannot comingle with a *habeas corpus* petition (*Id.* at PageID 364); Bryant's claims invoking common law jurisdiction should be dismissed because the Court only has the authority to grant *habeas corpus* relief as provided by statute (*Id.* at PageID 367); Bryant is not "in custody" as contemplated in the various *habeas corpus* statutes and, therefore, he cannot pursue *habeas corpus* relief on his own behalf (*Id.* at PageID 371); because he cannot pursue relief on his own behalf, Bryant should be characterized as "next friend" to J.O.B. in these proceedings (*Id.* at PageID 374); Bryant's claims invoking 28 U.S.C. § 2243 should be dismissed because Section 2243 sets forth *habeas corpus* procedures and does not establish a cause of action (*Id.* at PageID 374); Bryant's claims for relief under 28 U.S.C. § 2255 should be dismissed for lack of jurisdiction because no federal court has sentenced J.O.B. for a crime, as required by the statute (*Id.* at PageID 377); all Respondents except for Captain Angel should be dismissed because they do not have direct custody or control over J.O.B. and, thus, are not proper respondents to this *habeas corpus* action (*Id.* at PageID 385); J.O.B. is not "in custody" as understood within the meaning of 28 U.S.C. § 2241—or any *habeas corpus* statute—and, therefore, the claims brought on behalf of J.O.B. should be dismissed for lack of jurisdiction (*Id.* at PageID 408); and, the Court should deny a certificate of appealability in this matter (*Id.* at PageID 423.)  Bryant submitted his objections to Magistrate Judge Gentry's Report on September 13, 2024.  (Doc. No. 30.)

      If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  The

3

Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has conducted its *de novo* review and Bryant's Objections are not well-taken. Indeed, they are wholly meritless and internally contradictory. As Magistrate Judge Gentry has stated, custody is a jurisdictional prerequisite to *habeas corpus* actions. *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018) (citing *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)). Simply put, neither Bryant nor J.O.B. are in custody, constructive or otherwise. Neither is subject to constraints placed on them by the criminal justice system. Moreover, Bryant is not subject to any "restraints not shared by the public generally." *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clarita Cnty, California*, 411 U.S. 345, 351 (1973) (internal citations and quotation marks omitted). And, J.O.B. is in the custody of their[2] mother rather than a government official, thus, subjecting J.O.B. to "no unusual restraints not imposed on other children." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982). Hence, the Court agrees with Magistrate Judge Gentry's determinations and will ultimately **DISMISS** the instant action for lack of jurisdiction.

The Court only expands upon Magistrate Judge Gentry's reasoning to state what is abundantly clear: Bryant has only brought this case in an effort to re-litigate a child custody dispute between himself and Captain Angel. Federal district courts categorically lack subject matter jurisdiction to hear domestic relations cases. *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015). This categorical exception to federal courts' subject matter jurisdiction "precludes federal courts from hearing cases that 'involv[e] the issuance of a divorce, alimony, or *child custody* decree.'" *Id.* (quoting *Ankennrandt v. Richards*, 504 U.S. 689, 704 (1992)) (alteration in original)

---

[2] The Court is refraining from referencing J.O.B. by gender only to ensure that J.O.B. remains as anonymous as possible here.

(*emphasis added*). "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Chambers v. Michigan*, 473 Fed. App'x. 477, 479 (6th Cir. 2012) (citing *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981)).

In effect, Bryant is challenging the legal custody of J.O.B. as determined by a Colorado state court. In short, he wants to have his child released into his custody as opposed to the child's natural-born mother. To illustrate, consider the course of events if the Court were to grant Bryant's request for relief. As J.O.B.'s mother, Captain Angel also has constitutionally protected parental rights. If the Court were to order that J.O.B. be released into Bryant's custody, Captain Angel would then be forced into yet another custody battle with Bryant. To obtain even partial custody of J.O.B. at that point, Captain Angel would have to enforce her parental rights in a state court of competent jurisdiction to hear domestic relations matters. The same must be true for Bryant. For all of Bryant's floundering, the substance of this case demonstrates nothing more than an unreasonably contentious child custody dispute. Such a dispute is decidedly beyond this Court's authority to adjudicate. Therefore, in conjunction with Magistrate Judge Gentry's determinations, the Court will **DISMISS** the current action for lack of jurisdiction, in keeping with this principle.

Accordingly, the Objection to Magistrate Report and Recommendations (Doc. No. 30) is **OVERRULED**. The Court **ACCEPTS** the findings and recommendations made by the magistrate judge, **ADOPTS** the Report and Recommendation (Doc. No. 29), and rules as follows:

1. The Motion to Dismiss of Defendant Grant Bursek, Esq. (Doc. No. 15) and the Federal Defendants' Motion to Dismiss Plaintiffs' Petition for Writ of Habeas Corpus and other Declaratory and Injunctive Relief (Doc. No. 23) are **GRANTED** to the extent Respondents argue that neither Bryant nor J.O.B. are

"in custody." Respondents' motions to dismiss are otherwise **DENIED AS MOOT**;

2. This case is hereby **DISMISSED** for lack of jurisdiction, in accordance with Magistrate Judge Gentry's findings and the additional reasoning provided herein;

3. The Clerk is directed to **TERMINATE** this matter on the Court's docket;

4. The Clerk is directed to refund Bryant's filing fee in the amount of $397.00; and,

5. Because the Court finds that reasonable jurists would not disagree with this conclusion, Petitioners are **DENIED** a certificate of appealability and the Court certifies to the Sixth Circuit Court of Appeals that any appeal would be objectively frivolous.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 18, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE