UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| J.O.B., a minor, *et al.*, | : | |
| | : | |
| Petitioners/Plaintiffs, | : | Case No. 3:23-cv-217 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Respondents/Defendants. | : | |
| | : | |

**ENTRY AND ORDER DENYING MOTION ENTITLED, "PETITIONER-PLAINTIFF JAMUS ORAN BRYANT RESPECTFULLY SUBMITS THIS PETITION FOR REHEARING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND FEDERAL RULE OF CIVIL PROCEDURE 60(b). IN THE ALTERNATIVE, BRYANT PETITIONS FOR A REHEARING UNDER THE COURT'S INHERENT AUTHORITY TO CORRECT MANIFEST ERRORS OF LAW AND FACT, ARISING FROM THE COURT'S OVERSIGHT OF SEVERAL CONSTITUTIONAL AND PROCEDURAL ERRORS" (DOC. NO. 33)**

This matter is before the Court on the document titled "Petitioner-Plaintiff Jamus Oran Bryant Respectfully Submits this Petition for Rehearing pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). In the Alternative, Bryant Petitions for a Rehearing Under the Court's Inherent Authority to Correct Manifest Errors of Law and Fact, Arising from the Court's Oversight of Several Constitutional and Procedural Errors" (the "Motion") (Doc. No. 33). Petitioner Jamus Oran Bryant ("Bryant") has brought the instant Motion on his own behalf and as next friend to Petitioner J.O.B, Bryant's minor child. (Doc. No. 33 at PageID 536.) To frame the Motion, Bryant is seeking reconsideration of the Court's Entry and Order Overruling Objection to Magistrate Report and Recommendations; Adopting in Full the Report and Recommendation; and, Terminating this matter on the Court's Docket (the "Order of

1

Dismissal") (Doc. No. 31) under Fed. R. Civ. P. 59(e), and relief from judgment as set forth in the Order of Dismissal pursuant to Fed. R. Civ. P. 60(b). (*See* Doc. No. 33.) Bryant filed the Motion on September 21, 2024. (*Id.*) Defendants the United States of America, Frank Kendall III, in his official capacity, and Stacy Michelle Angel, in her official capacity (collectively, "Federal Defendants") submitted their Response to Bryant's Motion on October 7, 2024 (Doc. No. 35). Defendant Grant Bursek filed no response. Bryant has not filed a reply brief, but has lodged his Mandatory Judicial Notice Under Federal Rule of Evidence 201 (Doc. No. 36), wherein he essentially replies to the Federal Defendants' Response. The Court finds Bryant's Motion to be ripe for review and decision.

Before addressing Bryant's arguments under the Federal Rules of Civil Procedure, the Court would pause to speak on the multiple proposed judicial notices Bryant has filed in this case (Doc. Nos. 14, 17, 26, 27, 36). Per the Federal Rules of Evidence, courts may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Bryant's proposed judicial notices contain neither. Rather, Bryant's notices either tend to argue his position in response to Defendants (*see* Doc. No. 36) or provide documents which, if properly authenticated, could only be considered as evidence in support of Bryant's position (*See* Doc. No. 14). The Court has determined not to strike Bryant's proposed judicial notices out of courtesy for his *pro se* status.

Regarding Bryant's request for reconsideration of the Order of Dismissal pursuant to Fed. R. Civ. P. 59(e), the Court finds the Motion to be not well-taken. Rule 59(e) permits litigants to file "a motion to alter or amend a judgment … no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "As a general principle, motions for reconsideration are looked upon with

disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence; or (3) intervening authority." *Meekison v. Ohio Dep't. of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171, 106 S. Ct. 2895, 90 L.Ed.2d 982 (1986)).  Further, a motion for reconsideration under Rule 59(e) "may not be used to relitigate old matters …." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 at fn. 5 (2008) (internal citations and quotation marks omitted). "A motion predicated on such a tenuous legal basis is a waste of judicial resources." *Meekison*, 181 F.R.D. at 572.

At bar, it is clear that Bryant is simply attempting to relitigate his objections to Magistrate Judge Gentry's Report and Recommendation.  Indeed, Bryant's Motion continues with the same substantive arguments that the Court rejected in its Order of Dismissal.  (*Compare* Doc. Nos. 30 and 33.)  For instance, Bryant again argues that, for purposes of this *habeas corpus* action, he and J.O.B. are in the constructive custody of the U.S. Air Force.  (Doc. No. 33 at PageID 541.)  In so arguing, Bryant merely states that he "presented a compelling argument that his child was under constructive custody." (*Id.*)  Such a statement reveals that Bryant only disagrees with the Court's rejection of his position.  It does not evince a manifest error of law.  Therefore, the Court **DENIES** Bryant's Motion insofar as it seeks reconsideration of the Order of Dismissal pursuant to Fed. R. Civ. P. 59(e).

The Court makes a similar finding to the extent that Bryant seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b).  Rule 60(b) allows litigants to move for relief from judgment on any of the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

3

> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Notwithstanding this list of reasons to grant a litigant relief from judgment, "a Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Barnes v. Clinton*, 57 F. App'x. 240, 241 (6th Cir. 2003) (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2nd Cir. 1966)). As stated above, Bryant has brought the instant Motion in an attempt to relitigate the arguments rejected in the Court's Order of Dismissal. Bryant has failed to establish, by corroborated allegations, that he is entitled to relief from judgment pursuant to any justification provided in Rule 60(b). Accordingly, the Court **DENIES** Bryant's Motion to insofar as it seeks relief from judgment under Fed. R. Civ. P. 60(b).

For good measure, the Court maintains that Bryant has improperly brought this suit under the guise of a federal question, despite its substance sounding in domestic relations. (*See* Doc. No. 31 at PageID 533 (quoting *Chambers v. Michigan*, 473 F. App'x. 477, 479 (6th Cir. 2012) (citation omitted)). In preparing this Order, the Court has located a case entitled, *Bryant v. Angel*, No. 461 MDA 2024, 2024 WL 4449516 (Table) (Penn. Ct. App. Oct. 9, 2024), which was brought by Bryant in Pennsylvania state court while the present case was pending in this Court. There, Bryant appears to make many of the same substantive allegations against J.O.B.'s maternal grandparents as he has made in this case against the Federal Defendants, but under the auspices of Pennsylvania domestic relations statutes. *See Bryant v. Angel*, No. 461 MDA 2024, 2024 WL 4449516 (Table), at *3 (Penn. Ct. App. Oct. 9, 2024) (referring to Bryant's argument that the Colorado Court's child custody determinations regarding J.O.B. are void). The Court expresses no opinion as to the merits

4

of any other litigation that Bryant may have brought in relation to the custody of J.O.B. The substance of that litigation is only telling of the substance of Bryant's allegations here. Namely, it makes more apparent that Bryant's claims in this matter are rooted in a child custody dispute rather than any federal question.

Thus, for the reasons stated above, the Court **DENIES** Bryant's Motion, entitled "Petitioner-Plaintiff Jamus Oran Bryant Respectfully Submits this Petition for Rehearing pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). In the Alternative, Bryant Petitions for a Rehearing Under the Court's Inherent Authority to Correct Manifest Errors of Law and Fact, Arising from the Court's Oversight of Several Constitutional and Procedural Errors" (Doc. No. 33). This case shall remain terminated on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 5, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE